UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| **ESTATE OF IRA BROCKMAN, BY AND THROUGH ITS ADMINISTRATRIX, DENISE BROCKMAN KISER**<br>**203 FAIRVIEW AVENUE**<br>**TAYLOR MILL, KENTUCKY  41015**<br><br>**AND**<br><br>**RUTH L. BROCKMAN**<br>**203 FAIRVIEW AVENUE**<br>**TAYLOR MILL, KENTUCKY  41015**<br><br>      Plaintiffs,<br><br>**-vs.-**<br><br>**LTI TRUCKING**<br>**1028 EAGLE PARK ROAD**<br>**MADISON, ILLINOIS  62060**<br>**Please Serve:**<br>**SCW Registered Agent, Inc.**<br>**515 St. Louis Street, Suite 203**<br>**Edwardsville, Illinois 62025**<br><br>**AND**<br><br>**TODDRICK FAIRLEY**<br>**299 TWIN CREEK ROAD**<br>**LUCEDALE, MISSISSIPPI  39452**<br><br>**AND**<br><br>**LTI TRUCKING SERVICES, INC.**<br>**411 NORTH 10th STREET, SUITE 500**<br>**ST. LOUIS, MISSOURI  63101**<br>**Please Serve:**<br>**SCWHRA, Inc.**<br>**8909 Ladue Road**<br>**St. Louis, Missouri 63124** | Cause No.:<br><br><br>**PLAINTIFFS' COMPLAINT**<br>**FOR WRONGFUL DEATH**<br>**AND MONETARY DAMAGES**<br><br><br>*__JURY TRIAL DEMANDED__* |

Page **1** of **15**

**AND**

**THE CINCINNATI INSURANCE COMPANY**
**6200 SOUTH GILMORE ROAD**
**FAIRFIELD, OHIO  45014-5141**
Please Serve:
The Cincinnati Insurance Company
c/o Steven Johnston, Chief Executive Officer
P.O. Box 145496
Cincinnati, Ohio   45250

**Defendants.**

Now Come Plaintiffs, the Estate of Ira Brockman, by and through its Administratrix, Denise Brockman Kiser, and Ruth L. Brockman, Ira Brockman's widow, individually, by and through counsel, and respectfully state their Complaint against the named Defendants as follows:

## I.  THE PARTIES

1.   Plaintiff the Estate of Ira Brockman, by and through its Administratrix, Denise Brockman Kiser, a surviving daughter of the Plaintiff's decedent, Ira Brockman, brings this action in her representative capacity as Administratrix of the Estate of Ira Brockman.

2.   Plaintiff Denise Brockman Kiser was duly appointed as Administratrix of the Estate of Ira Brockman, on October 2nd, 2019, in Case No. 19-P-745, **Order Appointing Fiduciary**, issued by the Kenton County District Court, Kenton County, Kentucky.

3.   Plaintiff Ruth L. Brockman, the surviving spouse of the Plaintiff's decedent, Ira Brockman, brings claims for loss of consortium against the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc.

4.    Defendant LTI Trucking, has its principal place of business located at 1028 Eagle Park Road, in Madison, Illinois 62060, and was the owner of the 2016 Volvo VNL commercial tractor-trailer being operated by Defendant Toddrick Fairley at the time of subject fatal motor vehicle collision.

5. Defendant Toddrick Fairley resides at 299 Twin Creek Road in Lucedale, Mississippi 39452 and has so resided at all relevant times herein. Defendant Toddrick Fairley was the careless and inattentive operator of a 2016 Volvo VNL commercial tractor-trailer, which resulted in the multiple vehicle collision, which caused the severe and fatal injuries sustained by Ira Brockman.

6. Defendant LTI Trucking Services, Inc. is a common carrier, with its principal place of business located at 411 North 10th Street, Suite 500, in St. Louis, Missouri   63101, which employed the Defendant Toddrick Fairley, during the time of the subject fatal multiple vehicle collision.

7. Defendant Cincinnati Insurance Company, a foreign insurance company, with its principal place of business in Ohio, issued a policy of insurance to a Kentucky-domiciled corporation, J.A.B.'s Truck-Air Corp. The subject policy was assigned, Policy Number **EPP 035 30 34 / EBA 035 30 34.**  Further, the principal place of business of   J.A.B.'s Truck-Air Corp. is located at 1512 Distribution Drive, in Burlington, Boone County, Kentucky 41005-9594.

## II.  JURISDICTION AND VENUE

8. Jurisdiction is properly invoked as this Court has jurisdiction over wrongful death, survival, loss of consortium and bodily injury claims, in which the traffic collision occurred within this district, and there is diversity of citizenship among the Plaintiffs and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. The Indiana Wrongful Death Statute provides a cause of action when the death of one is caused by the wrongful act or omission of another.

10. Currently there is a Declaratory Judgment Action captioned the *Estate of Ira Brockman v. The Cincinnati Insurance Company*, Case Number: **21-CI-00103**, pending before

the Kenton Circuit Court, Kenton County, Kentucky, to determine the rights and responsibilities of the Cincinnati Insurance Company and its Plaintiffs with respect to underinsured motorists coverage.

### III.  FACTUAL ALLEGATIONS

11.  The Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Eleven (1-10) of this Complaint, with the same force and effect, as though fully rewritten herein.

12.  On or about September 12, 2019 at approximately 9:15 A.M., at or near Milepost 160, on Interstate 65 at or near, Clinton County, Washington Township, City of Colfax, Indiana, Plaintiff's decedent, Ira Brockman was lawfully operating a 2016 Ford Transit Van, and was slowing down due to a traffic backup.

13.  On or about September 12, 2019 at approximately 9:15 A.M., at or near Milepost 160, on Interstate 65, Defendant Toddrick Fairley was operating a Volvo VNL commercial semi tractor-trailer. Defendant Toddrick Fairley was traveling in the right lane and did not slow down for the traffic.

14.  As a result of the careless, inattentive and reckless operation of the commercial tractor-trailer, Defendant Toddrick Fairley first collided with a Subaru being operated by Timothy Fagley, causing property damage and personal injuries to Mr. Fagley and his passenger.

15.  The Fagley vehicle was shoved off the roadway due to the collision. Defendant Toddrick Fairley continued on striking the trailer of a Kenworth T8 Series, conventional cab commercial tractor-trailer, being operated by Plaintiff, Karana Wallace. The trailer spun around exposing the cab of the Wallace vehicle.

16. The force of the collision caused the Wallace commercial tractor trailer to strike the rear of the 2016 Ford Transit Van being operated by Plaintiff's decedent, Ira Brockman. The force of the collision caused the Brockman vehicle to collide with a 2009 Volvo VNL conventional cab, commercial tractor-trailer being operated by Lucica Cimpean.

17. The force of the collision then caused the Brockman vehicle to strike the trailer of a PTRB 379 conventional cab, commercial tractor-trailer, being operated by Jesus Alomo, causing substantial front-end damage to the Brockman vehicle.

18. At some point, during the collision, the airbags deployed in the Brockman vehicle.

19. As a direct and proximate result of the careless, inattentive and reckless operation of a commercial tractor trailer by Defendant Toddrick Fairley, Ira Brockman suffered serious, permanent and fatal injuries. Mr. Brockman survived for a period of time and then succumbed to his injuries at the scene of the multiple vehicle collision caused by Defendant Fairley.

20. Defendant Toddrick Fairley was acting within the course and scope of his agency and/or employment and in furtherance of the business interest of the Defendant LTI Trucking Services, Inc. and/or Defendant LTI Trucking during all relevant times herein.

21. Defendant Toddrick Fairley was the agent, servant and/or employee, acting within the course and scope of his agency and/or employment and in furtherance of the Defendants' business interests, with Defendants LTI Trucking and/or LTI Trucking Services, Inc. at the time of the subject multiple vehicle, fatal trucking accident.

22. As a direct and proximate result of the negligence and/or gross negligence of the Defendant Toddrick Fairley, Plaintiff's decedent Ira Brockman suffered severe and fatal injuries.

## COUNT I:  WRONGFUL DEATH

23. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Twenty-two (1-22), with the same force and effect, as though fully rewritten herein.

25. Defendant Toddrick Fairley owed the Plaintiff's decedent, Ira Brockman and the other motorists, to operate his commercial vehicle with reasonable care.

26. Defendant Toddrick Fairley operated the tractor-trailer in a careless, reckless and negligent manner, in that he (1) failed to use reasonable care, (2) failed to maintain reasonable control of the vehicle, and (3) failed to pay reasonable attention to the traffic conditions on the roadway.

27. Defendants LTI Trucking and LTI Trucking Services, Inc. are liable to the Plaintiffs, due to the careless, reckless and negligent misconduct of the Defendant, Toddrick Fairley, whose negligence is imputed to Defendants, LTI Trucking and LTI Trucking Services, Inc. under the doctrine of *respondeat superior* and under agency law principles.

28. Further, Defendants LTI Trucking and LTI Trucking Services, Inc., failed to properly train and/or supervise Defendant Toddrick Fairley and/or were otherwise careless, reckless and negligent.

29. Plaintiffs' decedent, Ira Brockman sustained fatal injuries as a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc.

30. As a direct and proximate result of the tortious conduct of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., the Plaintiffs are entitled to compensation for this wrongful death claim, including, *inter alia.,* damages for funeral expenses,

medical expenses, future wage loss, loss of future earning capacity, loss of companionship, loss of care, loss of consortium, loss of assistance, loss of enjoyment of life and for severe mental anguish caused by the death.

31   As a direct and proximate result of the tortious conduct of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., the Plaintiffs have suffered damages by reason of the wrongful death in an amount, yet to be determined, but in any event in excess of the jurisdictional amount of Seventy-five thousand ($75, 000.00) dollars.

32.   The Plaintiffs are entitled to recover damages, *inter alia.,* for the loss of support, from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of the society of the decedent, companionship, consortium and care; loss of prospective inheritance to the decedent's heirs; and for mental anguish, and the costs of administration of the Estate.

33.   The Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) Dollars as and for compensatory damages.

34.   The Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc.,   in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) dollars.

**COUNT II:  SURVIVAL CLAIM – Burns Ind. Code Ann. § 34-9-3-4**

35.  Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Thirty-four (1-34), with the same force and effect, as though fully rewritten herein.

36.   As a direct and proximate of the negligence and/or gross negligence of the Defendants, Toddrick Fairley, LTI Trucking, and/or LTI Trucking Services, Inc., Plaintiffs are

entitled to recover damages for pain and mental suffering incurred by the decedent, prior to his succumbing to the severe and fatal injuries at the scene of the subject multiple vehicle collision.

## COUNT III: NEGLIGENT ENTRUSTMENT

37. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Thirty-six (1-36), with the same force and effect, as if fully rewritten herein.

38. At the time of this fatal trucking accident, Defendants LTI Trucking and LTI Trucking Services, Inc. had permitted and consented to the operation of the 2016 Volvo VNL conventional cab, commercial tractor-trailer, by Defendant Toddrick Fairley, whom the Defendants LTI Trucking and LTI Trucking Services, Inc. knew or should have known, was a careless, incompetent and reckless driver, who was likely to cause injuries to others lawfully using the roadway.

39. Defendants LTI Trucking and LTI Trucking Services, Inc. were negligent, in authorizing the commercial tractor-trailer and their freight, to be driven by an employee and/or agent, whom they knew or should have known would drive the tractor-trailer in a negligent or incompetent fashion.

40. Defendant Toddrick Fairley operated the tractor-trailer in a careless, reckless and negligent manner, in that he (1) failed to use reasonable care, (2) failed to maintain reasonable control of the vehicle, and (3) failed to pay reasonable attention to the traffic conditions on the roadway.

41. Defendants LTI Trucking and LTI Trucking Services, Inc. are liable to the Plaintiffs, for the negligent entrustment of the commercial tractor-trailer to Defendant Toddrick Fairley.

42. Further, Defendants LTI Trucking and LTI Trucking Services, Inc. are liable to the Plaintiffs, due to the careless, reckless and negligent misconduct of the Defendant, Toddrick

Fairley, whose negligence is imputed to Defendants, LTI Trucking and LTI Trucking Services, Inc. under the doctrine of *respondeat superior* and under Indiana agency law.

43. Plaintiffs' decedent, Ira Brockman sustained fatal injuries as a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc.

44. As a direct and proximate result of the tortious conduct of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., the Plaintiffs are entitled to compensation for this wrongful death claim, including, *inter alia.,* damages for funeral expenses, medical expenses, future wage loss, loss of future earning capacity, loss of companionship, loss of care, loss of consortium, loss of assistance, the costs of the administration of the Estate, and loss of enjoyment of life and for severe mental anguish caused by the death.

45. As a direct and proximate result of the tortious conduct of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., Plaintiffs have suffered damages by reason of the wrongful death in an amount, yet to be determined, but in any event in excess of the jurisdictional amount of Seventy-five thousand ($75, 000.00) dollars.

46. The Plaintiffs are entitled to recover damages, *inter alia.,* for the loss of support, from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of the society of the decedent, the costs of the administration of the Estate, companionship, consortium and care; loss of prospective inheritance to the decedent's heirs; and for mental anguish.

47. The Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) Dollars as and for compensatory damages.

## COUNT IV: NEGLIGENT HIRING

48. The Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Forty-seven (1-47), with the same force and effect, as if fully rewritten herein.

49. At the time of this fatal trucking accident, Defendant LT Trucking had hired, by and through a contract carrier agreement, and/or broker agreement and/or lease agreement, Defendant LTI Trucking Services, Inc., to transport freight in interstate commerce.

50. Defendant LTI Trucking and/or Defendant LTI Trucking Services, Inc. had negligently hired Defendant Toddrick Fairley, whom the Defendants knew or should have known, was a careless, incompetent and reckless driver, who was likely to cause injuries to others lawfully using the roadway.

51. As a direct and proximate result of the careless, inattentive and reckless operation of a commercial tractor trailer by Defendant Toddrick Fairley, Plaintiff's decedent, Ira Brockman suffered serious, permanent and fatal injuries.  Mr. Brockman survived for a period of time and then succumbed to his injuries at the scene of the multiple vehicle collision, caused by Defendant Fairley.

52. Defendant Toddrick Fairley was acting within the course and scope of his agency and/or employment and in furtherance of the business interest of the Defendant LTI Trucking Services, Inc. and/or Defendant LTI Trucking during all relevant times herein. Said Defendants LTI Trucking and/or LTI Trucking Services, Inc. had negligently hired Defendant Toddrick Fairley.

53. As a direct and proximate result of the negligent and/or grossly negligent hiring of the Defendant Toddrick Fairley by the Defendant LTI Trucking and/or LTI Trucking Services, Inc., Plaintiff's decedent Ira Brockman suffered severe and fatal injuries.

54. The Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) Dollars as and for compensatory damages.

## COUNT V: NEGLIGENT TRAINING

55. The Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Fifty-four (1- 54), with the same force and effect, as if fully rewritten herein.

56. At the time of this fatal trucking accident, Defendant LT Trucking had hired, by and through a contract carrier agreement, and/or broker agreement and/or lease agreement, Defendant LTI Trucking Services, Inc., to transport freight in interstate commerce.

57. Defendant LTI Trucking and/or Defendant LTI Trucking Services, Inc. negligently failed to train, Defendant Toddrick Fairley,  whom the Defendants knew or should have known, was a careless, incompetent and reckless driver, who was likely to cause injuries to others lawfully using the roadway.

58. As a direct and proximate result of the careless, inattentive and reckless operation of a commercial tractor trailer by Defendant Toddrick Fairley, Plaintiffs' decedent, Ira Brockman suffered serious, permanent and fatal injuries.  Mr. Brockman survived for a period of time and then succumbed to his injuries at the scene of the multiple vehicle collision, caused by Defendant Fairley.

59. Defendant Toddrick Fairley was acting within the course and scope of his agency and/or employment and in furtherance of the business interest of the Defendant LTI Trucking Services, Inc. and/or Defendant LTI Trucking during all relevant times herein. Said Defendants LTI Trucking and/or LTI Trucking Services, Inc. had negligently hired Defendant Toddrick Fairley.

60. As a direct and proximate result of the negligent and/or grossly negligent hiring of the Defendant Toddrick Fairley by the Defendant LTI Trucking and/or LTI Trucking Services, Inc., Plaintiff's decedent Ira Brockman suffered severe and fatal injuries.

61. Accordingly, Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., in an amount yet to be determined, but in excess of Seventy-five thousand ($75,000.00) Dollars as and for compensatory damages.

## COUNT VI: LOSS OF CONSORTIUM

62. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Sixty-one (1-61), with the same force and effect, as though fully rewritten herein.

63. Prior to the events of September 12th, 2019, Plaintiff Ruth L. Brockman, the wife of Ira Brockman, enjoyed the society, companionship and services of her husband, Ira Brockman.

64. As a direct and proximate result of the negligence and/or gross negligence of each of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., Plaintiff Ruth L. Brockman suffered the loss of consortium, society and companionship provided by Ira Brockman.

65. Accordingly, Plaintiffs are entitled to judgment against Defendants, Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc., in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) Dollars as and for compensatory damages.

**COUNT VII: UNDERINSURED MOTORISTS CLAIM**

66. Plaintiffs restate and incorporate by reference the allegations contained in Paragraphs One through Sixty-five (1-65), with the same force and effect, as though fully rewritten herein.

67. The **2016 FORD TRANSIT S/N 1FTYR2CG6GKA67374**, which was being lawfully operated by Ira Brockman, was a covered automobile under the Cincinnati Insurance Company policy providing for underinsured motorists ("UIM") benefits. Under the terms of the subject insurance policy, Plaintiffs' decedent, Ira Brockman was an "insured" who was "occupying" a covered "auto" at the time he sustained severe and fatal injuries.

68. Plaintiff was injured by, and ultimately died, as a result of the actions of an underinsured-motorist within the meaning of the Cincinnati Insurance Company policy and is entitled to all benefits thereunder.

69. Currently a declaratory judgment action is pending in Kentucky State Court, Kenton County Circuit Court, Case Number 21-CI-00103, to determine the respective rights and responsibilities of Cincinnati Insurance Company and Plaintiffs with respect to the underinsured motorists coverage.

70. Accordingly, Plaintiffs are entitled to the benefits of the policy and seek the limits for the UIM, under the subject Cincinnati Insurance Company policy, as all of the requirements for UIM coverage have been met, which include the following:

   1. Ira Brockman sustained severe and fatal injuries arising out of the use of a covered vehicle;

   2. The Estate of Ira Brockman is "legally entitled" to recover damages from the tortfeasor in the underlying motor vehicle accident;

3. The At Fault Driver, Toddrick Fairley, is an underinsured motorist within the meaning of the Cincinnati Insurance Company policy because he does not have sufficient coverage to cover Plaintiffs' damages along with all other damages arising from the same crash.

## RELIEF REQUESTED

**WHEREFORE** Plaintiffs, the Estate of Ira Brockman, by and through its Administratrix, Denise Brockman Kiser and Ruth L. Brockman, individually, demand the following relief:

**1.** Judgment be entered against each of the Defendants Toddrick Fairley, LTI Trucking and LTI Trucking Services, Inc, in an amount yet to be determined, but in excess of Seventy-Five Thousand ($75,000.00) dollars, as and for compensatory damages; further, Plaintiffs are entitled to judgment against Defendants, in an amount yet to be determined, but in excess of Seventy-five thousand ($75, 000.00) dollars.

**2.** Judgment be entered against the Defendant The Cincinnati Insurance Company in the amount of One Million ($1,000,000.00) dollars, in Underinsured Motorist benefits in accordance with the terms of the subject Cincinnati Insurance Company policy.

**3.** Plaintiffs demand such additional relief, to which they may be entitled, at law and/or equity, including pre-judgment interest, post-judgment interest, and any other costs or relief to which they may be entitled.

Respectfully submitted,

*/s/ Jon P. Clemons*
**Jon P. Clemons (IND# 27780-15)**
The Law Offices of Blake R. Maislin, LLC
Trial Attorney for Plaintiffs,
The Estate of Ira Brockman, by and through its
Administratrix, Denise Brockman Kiser,
and Ruth L Brockman, individually
2260 Francis Lane
Cincinnati, OH 45206
(513) 444-4444 Ext. 105
(513) 721-5557 (FAX)
E-mail: jclemons@maislinlaw.com

## JURY DEMAND

Plaintiffs the Estate of Ira Brockman, by and through its Administratrix, Denise Brockman Kiser and Ruth Brockman, widow of Ira Brockman, demand a Trial by Jury on all issues so triable pursuant to Fed. R. Civ. P. 38 and Fed. R. Civ. P. 39.

*/s/ Jon P. Clemons*
**Jon P. Clemons (IND# 27780-15)**