UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF IRA BROCKMAN, by and through its ADMINISTRATRIX, DENISE BROCKMAN KISER, *et al.*, Plaintiffs, v. LTI TRUCKING, *et al.*, Defendants. | CAUSE NO.: 2:21-CV-60-JTM-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiffs Estate of Ira Brockman, through its Administratrix Denise Brockman Kiser, and Ruth L. Brockman filed a Complaint (ECF No. 1) asserting this Court's subject matter jurisdiction based on diversity of citizenship of the parties. As the parties invoking federal jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no Plaintiff may be a citizen of the same state as any Defendant, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Although Plaintiffs have alleged a sufficient amount in controversy (subject to any later challenge resolved by the District Judge), the Complaint's allegations are insufficient as to the citizenship of both Plaintiffs and all four Defendants: Toddrick Fairley, LTI Trucking, LTI Trucking Services, Inc., and the Cincinnati Insurance Company.

Although the Complaint generally alleges "there is diversity of citizenship among the Plaintiffs and the Defendants" (ECF No. 1, ¶ 8), it includes no allegations as to the citizenship of either Plaintiff. For purposes of diversity jurisdiction, the citizenship of a natural person is determined by domicile, "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). Plaintiffs must therefore allege the citizenship of Plaintiff Ruth L. Brockman based on her domicile at the time the Complaint was filed. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading"). Similarly, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent," 28 U.S.C. § 1332(c)(2), which is also determined by the decedent's domicile. *See Beck v. Estate of Franch by Franch*, No. 2:17-cv-356, 2019 WL 2503675, at *1 (N.D. Ind. June 17, 2019) (citing § 1332(c)(2); *Gustafson v. zumBrunnen*, 546 F.3d 398, 399 (7th Cir. 2008); *Dakuras*, 312 F.3d at 258)). To establish the citizenship of the Plaintiff Estate, Plaintiffs must therefore allege the domicile of decedent Ira Brockman at the time of his death. *See Geico Cas. Co. v. Mangai by Mangai*, No. 1:18-cv-105, 2018 WL 11236074, at *1 (N.D. Ind. May 3, 2018).

The Complaint's allegations as to the citizenship of each Defendant are also insufficient. As to the individual Defendant, the Complaint alleges that "Defendant Toddrick Fairley resides at 299 Twin Creek Road in Lucedale, Mississippi 39452 and has so resided at all relevant times herein." (ECF No. 1, ¶ 5). As explained above, an allegation of residence is insufficient, and

2

Plaintiffs must instead allege Defendant Fairley's domicile at the time the Complaint was filed. *Altom Transp.*, 823 F.3d at 420; *Dakuras*, 312 F.3d at 258. Regarding the corporate Defendants (LTI Trucking, LTI Trucking Services, Inc., and the Cincinnati Insurance Company), the Complaint alleges only the principal place of business of each entity. (ECF No. 1, ¶¶ 4, 6-7). For purposes of diversity jurisdiction, however, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1). Plaintiffs must therefore allege the state of incorporation of each of these Defendants.[1] Additionally, §1332(c)(1) further provides that an insurer of a policy to an insured not joined as a party shall be deemed a citizen also of "every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A). Accordingly, as to Defendant Cincinnati Insurance Company, Plaintiffs must also allege the citizenship of J.A.B.'s Truck-Air Corp., to which Cincinnati Insurance allegedly issued a policy at issue. (ECF No. 1, ¶ 7). To do so, Plaintiffs must allege the state of incorporation and principal place of business of J.A.B.'s Truck-Air Corp. as § 1332(c)(1) requires, but the Complaint alleges only its principal place of business. (ECF No. 1, ¶ 7).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must sufficiently allege the citizenship of each party to this case as set out above: specifically,

---

[1] It is unclear from the Complaint whether Defendant LTI Trucking is an entity separate from Defendant LTI Trucking Services, Inc., or rather a reference to the latter (which is possibly incorporated in Missouri) doing business in Illinois. The Supplemental Jurisdictional Statement required by this Order must clarify that relationship as well. And if Defendant LTI Trucking is a separate entity, the Statement must identify its organizational form and its state of incorporation if a corporation, or the identity and citizenship of each of its members if an LLC, LLP, partnership, or other entity that has members. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"); *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (citizenship must be "traced through multiple levels" for members who in turn have members or partners); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59).

3

(1) the domicile of Plaintiff Ruth L. Brockman at the time the Complaint was filed; (2) the domicile of Decedent Ira Brockman at the time of his death; (3) the domicile of Defendant Toddrick Fairley at the time the Complaint was filed; (4) the state of incorporation of Defendants LTI Trucking Services, Inc., and the Cincinnati Insurance Company; (5) the organizational form of Defendant LTI Trucking and its citizenship (as explained above) if separate from Defendant LTI Trucking Services, Inc.; and (6) the state of incorporation of insured J.A.B.'s Truck-Air Corp. The Court therefore **ORDERS** Plaintiffs to **FILE**, on or before **March 8, 2021**, a supplemental jurisdictional statement that properly alleges the citizenship of each party to this action as stated above.

So ORDERED this 22nd day of February, 2021.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT