**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ESTATE OF IRA BROCKMAN, by and through its Administratrix, DENISE BROCKMAN KISER and RUTH L. BROCKMAN, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )    CAUSE NO.: 2:21-CV-60-JTM-JPK |
| vs. | )<br>) |
| LTI TRUCKING, TODDRICK FAIRLEY, LTI TRUCKING SERVICES, INC. and THE CINCINNATI INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THE CINCINNATI INSURANCE COMPANY'S
STATEMENT IN SUPPORT OF JURISDICTION**

NOW COMES Defendant, THE CINCINNATI INSURANCE COMPANY ("Cincinnati"), by and through its attorneys, WIEDNER & McAULIFFE, LTD., and for its Statement in Support of Jurisdiction, states as follows:

1. On February 17, 2021, Plaintiffs filed a Complaint against Defendants LTI Trucking, LTI Trucking Services, Inc. and Cincinnati in connection with an alleged September 12, 2019 multi-vehicle collision which allegedly resulted in fatal injuries to the decedent, Ira Brockman. (ECF No. 1). Counts I through VI allege various negligence claims against Defendants LTI Trucking, LTI Trucking Services, Inc. and Toddrick Fairley. (ECF No. 1).

2. In Count VII, Plaintiffs allege an underinsured motorist claim against Cincinnati under Policy Number EEP 035 30 34 / EBA 035 30 45, which was issued to Ira Brockman's employer, J.A.B.'s Truck-Air Corp. (ECF No. 1 at ¶7).

1

3. On February 22, 2021, this Court entered an Opinion and Order ordering Plaintiffs to file a supplemental jurisdictional statement that properly alleges the citizenship of each party to this action in order to allow the Court to determine if it has subject matter jurisdiction over this matter. (ECF No. 4). In the Opinion and Order, the Court stated, *inter alia*, that Plaintiff must allege the state of incorporation and principal place of business of Cincinnati's insured, J.A.B.'s Truck-Air Corp. (ECF No. 4 at p. 3). The Court stated that "§1332(c)(1) further provides that an insurer of a policy to an insured not joined as a party shall be deemed a citizen also of 'every State and foreign state of which the insured is a citizen.'" (ECF No. 4 at p. 3 (citing 28 U.S.C. §1332(c)(1)(A)).

4. On March 4, 2021, Plaintiffs filed a Supplemental Jurisdictional Statement alleging the residency, citizenship and domiciles of the Plaintiffs and Defendants. (Doc. 5). Plaintiffs' Supplemental Jurisdictional Statement establishes that there is complete diversity of citizenship between the Plaintiffs and the Defendants. (Doc. 5). Although Plaintiffs allege that J.A.B.'s Truck Air Corp. is a Kentucky citizen, as discussed below, this does not destroy diversity jurisdiction because §1332(c)(1)(A) is inapplicable to the facts of this case and does not render Cincinnati a citizen of Kentucky.

5. §1332(c) states, in pertinent part:

> **(c)** For purposes of this section and 1441 of this title [28 USCS §1441] –
>
>> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any *direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant*, such insurer shall be deemed a citizen of—
>>
>>> **(A)** every State and foreign state of which the insured is a citizen;

2

        **(B)** every State and foreign state by which the insurer has been incorporated; and

        **(C)** the States and foreign state where the insurer has its principal place of business; and

…

28 U.S.C. §1332(c) (emphasis added).

6.      Significantly, the exception set forth in §1332(c)(1)(A) which renders an insurer a citizen of every State of which the insured is a citizen is only applicable in a "direct action against the insurer of a policy or contract of liability insurance…to which action the insured is not joined as a party-defendant." 28 U.S.C. §1332(c)(1). "Direct actions" in this context "are actions brought by an insured party directly against a tortfeasor's insurance company, rather than against the tortfeasor himself." *Plunkett v. Ill. Farmers Ins. Co.*, 2018 U.S. Dist. LEXIS 101106, *4 (S.D. Ind. June 15, 2018).

7.      Where, as here, a plaintiff sues his or her own underinsured motorist carrier, the suit is not a "direct action" under §1332(c)(1) because it is not a case where an injured party sues the tortfeasor's insurer in lieu of suing the tortfeasor. *Plunkett*, 2018 U.S. Dist. LEXIS 101106, **4-5; *see Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 900 (6th Cir. 2003) (joining sister circuits and concluding that "when an injured party sues her own uninsured motorist carrier, it is not a direct action"); *Long v. St. Paul Fire & Marine Ins. Co.*, 423 F. Supp. 2d 1219, 1223 (D. Kan. 2006) (stating that a "direct action" within the meaning of §1332(c) is one "which contemplates an action by a tortfeasee against the insurer of the tortfeasor, without joining the tortfeasor" and finding that §1332(c) was inapplicable to a lawsuit where the plaintiff sought to recover under an uninsured motorist provision). Moreover, actions seeking underinsured motorist coverage also fall outside the scope of §1332(c) because "that statute only applies where

3

there is an action seeking to recover under a *liability policy*." *Long*, 423 F. Supp. 2d at 1223 (emphasis added). Underinsured motorist coverage provides compensation where the responsible party has insufficient insurance to cover the full amount of the injured party's damages; it is not liability insurance. *See id.* (stating that uninsured motorist coverage provides compensation in the absence of insurance by the responsible party, but is not liability insurance).

8. Accordingly, because Plaintiffs' claim against Cincinnati is a claim for underinsured motorist coverage, the narrow exception in §1332(c) is inapplicable and the typical diversity of citizenship rules apply. *Plunkett*, 2018 U.S. Dist. LEXIS 101106 ("Because this is not a case where an injured party has forgone suing the insured in favor of suing the insurer, this is not a "direct action," and the typical diversity of citizenship rules apply."). As set forth in Plaintiffs' Supplemental Jurisdictional Statement, there is complete diversity of citizenship between the parties as Plaintiffs are citizens of Kentucky, Defendant LTI Trucking Services, Inc.[1] is a citizen of Missouri, Defendant Toddrick Fairley is a citizen of Mississippi and Cincinnati is a citizen of Ohio. (ECF No. 5). Moreover, as noted by this Court, "Plaintiffs have alleged a sufficient amount in controversy." (ECF No. 4 at p. 1). Therefore, this Court has subject matter jurisdiction over this litigation pursuant to 28 U.S.C. §1332(c).

WHEREFORE, Defendant, THE CINCINNATI INSURANCE COMPANY, respectfully requests that this Honorable Court retain jurisdiction over this matter and grant such other and further relief this Court deems just and proper.

---

[1] As Plaintiffs clarified in their Supplemental Jurisdictional Statement, LTI Trucking is not a separate entity from LTI Trucking Services, Inc.

Respectfully Submitted,

WIEDNER & McAULIFFE, LTD.

/s/ Michael S. Daniels
Attorneys for The Cincinnati
Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March 2021, the foregoing was electronically filed with the Northern District of Indiana, Hammond Division and was served via the court's CM/ECF electronic filing system and via e-mail upon all attorneys of record, namely:

| | |
|---|---|
| Jon P. Clemons<br>The Law Offices of Blake R. Maislin, LLC<br>2260 Francis Lane<br>Cincinnati, OH 42506<br>P: (513) 444-4444 Ext. 105<br>F: (513) 721-5557<br>jclemons@maislinlaw.com | R. Gregory Sylvester<br>Logan C. Hughes<br>Reminder Co., LPA<br>College Park Plaza<br>8909 Purdue Road, Suite 200<br>Indianapolis, IN 46268<br>P: (317) 663-8570<br>F: (317) 228-0943<br>gsylvester@reminger.com<br>lgughes@reminger.com |

/s/ Michael S. Daniels
Attorneys for The Cincinnati
Insurance Company

Michael S. Daniels
Wiedner & McAuliffe, Ltd.
1 North Franklin Street, Suite 1900
Chicago, Illinois 60606
P: (312) 855-1105
F: (312) 855-1792
msdaniels@wmlaw.com